☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | 20-04719 CA30<br>**CASE NUMBER:** _____<br><br>**JUDGE** _____ |

| **PLAINTIFF**<br>ROBERT WILLIAMS | **VS. DEFENDANT**<br>SCHOOL BOARD OF MIAMI<br>DADE COUNTY, FLORIDA | **CLOCK IN**<br>D.C.P.S.<br>B.N.A #1939<br>THE ORIGINAL FILED<br>6/3/20 @ 9.39 am<br>ON MAR 02 2020 |

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**AMOUNT OF CLAIM**

**Please indicate the estimated amount of the claim, rounded to the nearest dollar. $** 350,000.00

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and Indebtedness
☐ Eminent domain
☐ Auto Negligence
☐ Negligence - Other
  ☐ Business Governance
  ☐ Business Torts
  ☐ Environmental/Toxin Tort
  ☐ Third Party Indemnification
  ☐ Construction Defect
  ☐ Mass Tort
  ☐ Negligent Security
  ☐ Nursing Home Negligence
  ☐ Premises Liability - Commercial
  ☐ Premises Liability - Residential
☐ Products Liability
☐ Real Property/Mortgage Foreclosure
  ☐ Commercial Foreclosure
  ☐ Homestead Residential Foreclosure
  ☐ Non-Homestead Residential Foreclosure
  ☐ Other Real Property Actions
☐ Professional Malpractice
  ☐ Malpractice - Business
  ☐ Malpractice - Medical
  ☐ Malpractice - Other professional

☐ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transactions
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional Challenge - Statute or Ordinance
  ☐ Constitutional Challenge - Proposed amendment
  ☐ Corporate Trust
  ☒ Discrimination - Employment or Other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities Litigation
  ☐ Trade Secrets
  ☐ Trust Litigation

☐ County Civil
  ☐ Small Claims up to $8,000
  ☐ Civil
  ☐ Replevins
  ☐ Evictions
  ☐ Other civil (non-monetary)

Composite
Exhibit "A"

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. ☐ Yes ☒ No

**REMEDIES SOUGHT** (check all that apply):

☒ Monetary;

☒ Non-monetary declaratory or injunctive relief;

☐ Punitive

**NUMBER OF CAUSES OF ACTION**: [  2  ]

(specify) ___EMPLOYMENT DISCRIMINATION, EMLOYMENT RETALIATION___

**IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes

☒ No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

**IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____   Florida Bar # __N/A_____

Attorney or party                                                    (Bar #, if attorney)

__ROBERT WILLIAMS_____      __MARCH 2, 2020_____

(type or print name)                                              Date

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | 20- 04719 CA30 |

| PLAINTIFF(S)<br><br>ROBERT WILLIAMS | VS.  DEFENDANT(S)<br><br>SCHOOL BOARD OF MIAMI DADE<br>COUNTY, FLORIDA | SERVICE<br><br>SERVED |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): SCHOOL BOARD OF MIAMI DADE COUNTY, FLORIDA

_1450 NE 2nd Ave Miami Fl 33132_

*(handwritten service box)* DATE / TIME / SHERIFF OF DADE COUNTY / DADE COUNTY FLORIDA
D.C. P.S.
B.N.A #1939
6/3/20 @ 9:39am

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:  ROBERT WILLIAMS

whose address is:  1776 N.W. 77th STREET
MIAMI, FLORIDA 33147
561-245-1409

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | MELVIN FERGUSON<br><br>DEPUTY CLERK | DATE<br><br>MAR 0 2 2020 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 09/19                                                                 Clerk's web address: www.miami-dadeclerk.com

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY FLORIDA
### GENERAL DIVISION

D.C.P.S.
B.N.A #1939
6/3/20 @ 9:39am
20-04719 CA30

ROBERT WILLIAMS,

Plaintiff,

v.

SCHOOL BOARD OF MIAMI DADE
COUNTY, FLORIDA,

Defendant.

**Civil Case Number:**

THE ORIGINAL FILED
ON  MAR 0 2 2020
IN THE OFFICE OF
CIRCUIT COURT MIAMI-DADE CO.
CIVIL DIVISION

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff alleges:

1.   This action is brought due to violations to provisions of the Florida Civil Rights

Act of 1992, as amended, Florida State Statute §§ 760.01-760.11 *et seq.* ("FCRA"). The

plaintiff alleges that the Defendant, the School Board of Miami Dade County ("Defendant"

or "Board"), subjected Mr. Robert Williams to unlawful race Discrimination and retaliation

in violation of FCRA.

## JURISDICTION AND VENUE

2.   This court has jurisdiction over this action under ss § 26.012 (2)(a).

3.   Venue is proper in this circuit under ss § 47.011, because it is where the cause of

action accrued.

## PARTIES

4.      Defendant, the School Board of Miami Dade County, is the governing body for Miami Dade County Public Schools ("District"). Defendant is a cooperate, governmental body created pursuant to the laws of the State of Florida and located within this judicial district.

5.      Defendant is a "person" within the meaning of ss § 760.02(6), and an employer within the meaning ss § 760.02(7).

6.      On January 29, 2018, Williams filed a timely charge alleging discrimination based on race and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7.      On August 1, 2018, Williams filed another timely charge alleging retaliation with the EEOC. A right to sue letter was received for this charge and the charge filed on January 29, 2018 on February 25, 2020.

8.      All conditions precedent to the filing of a FCRA suit have been performed or occurred.

## FACTS

*Williams' Employment with the District*

9.      Williams began working for the School District in October 2011. Between 2011 and 2013, Williams worked as a temporary instructor. In 2015, he began working as a full-time secondary science teacher.

10.      Williams has received positive annual performance reviews throughout his career with the District.

11.      Before August 30, 2017 and during his career as a full-time teacher, Williams was never absent or late.

12.     From October 2011 to August 30, 2017, Williams was never the subject of a personnel investigation or disciplined for any infractions.

13.     During the 2015 – 2017 school years, Williams was a teacher at International Studies Preparatory Academy ("ISPA"), a public school in the District.

14.     Williams was selected as "Teacher of the year" by teachers at ISPA for 2017.

***International Studies Preparatory Academy***

15.     ISPA has had the same administrative staff, excluding Principal Ms. Alina Diaz, from the 2015 – 2017 school years.

16.     During the 2017 – 2018 school year, ISPA's principal and Assistant principal were Ms. Alina Diaz and Ms. Felica Diaz respectively.

17.     Several times during the 2017 – 2018 school year Ms. Alina Diaz and Ms. Felicia Diaz both assisted Williams' students with submitting assignments electronically to an online program called OneNote.

18.     During the 2016 – 2017 school year another African – American teacher at ISPA, Rashida Rose, left the school after alleging race discrimination. She was replaced by a non-African-American teacher.

19.     During the 2017 – 2018 school year Williams was the only full time African American teacher left at ISPA, with the rest being either Hispanic or Caucasian.

20.     During the 2017 – 2018 school year there were no more than 9 African American students enrolled at ISPA with the rest being either Hispanic or Caucasian.

21.     Ms. Alina Diaz, informed teachers at the beginning of the 2017-2018 school year, through email, that they were not to mark students that were late to the first class of the day with the letter "T".

22.     During the 2015 – 2018 school years, Yvonne Fernandez was assigned to work as a substitute teacher, when a full-time teacher was not in the room classroom. She was never assigned to work alongside Williams, in his classroom, before November 2, 2017.

23.     In a September 22, 2017 email, Ms. Alina Diaz informed teachers at ISPA that in order to use the facilities, including the cafeteria, teachers must reserve the space in writing and in advance.

24.     According to the District's Student Code of Conduct, students in violation of district policy should be referred to the school administration, when necessary.

25.     On or around August 15, 2017, Williams made numerous requests through email for classroom supplies and was denied. Similar requests for supplies made by the non-African American teachers were granted.

***Assists African American Student with Race Discrimination Complaint***

26.     On or about August 15, 2017, Williams was informed by the activities director, Yasmine Acevedo, that she was assigning an African-American Student ("Victim Child") to him, as a student assistant, because "no one else wanted him".

27.     After hearing those words about Victim Child, Williams was devastated because students and teachers alike were not free from discrimination at ISPA.

28.     On or about August 30, 2017, Victim Child expressed to Williams his frustrations about how he was being treated as a black student at the school.

29.     On August 30, 2017 at 10:53 am, Williams assisted Victim Child with making an 8 minute 26 second phone call to the Central Region Office("CRO"). The phone call was a complaint about treatment of blacks at ISPA starting with the conversation between Williams and Yasmin Acevedo on August 15, 2017.

4

30.     On or around August 2017, Ms. Alina Diaz, at the request of the CRO, contacted Victim Child and his parents to talk about the concerns made in Williams' August 30, 2017 complaint.

31.     Because the student was assigned to Williams as a student aid and the complaint was primarily about the comments made by Yasmine Acevedo to Williams on August 15, 2017, Ms. Alina Diaz was able deduced that Williams made the complaint.

***Unlawful Retaliation for Complaining About Unfair Treatment of Blacks at ISPA***

32.     The Miami Dade County Public Schools Personnel Investigative Manual("PIM") details how District employees should conduct personnel investigations.

33.     The PIM states that: "all minor incidents, including alleged ethics violations, should be handled at the worksite by the principal."

34.     Ms. Alina Diaz never spoke to Williams before sending allegations she made against him for investigation.

35.     On October 10, 2017 in an email, Williams complained to Ms. Alina Diaz about how she was allowing a parent to harass him with nonstop daily calls and emails.

36.     On October 10, 2017 a few hours after his complaint, in an email, Ms. Alina Diaz informed Williams that she requested a personnel investigation against him.

37.     False information was used in the October 10, 2017 investigation, against Williams, to draw investigative conclusions.

38.     Ms. Alina Diaz conducted the personnel investigation from October 10, 2017 by herself. She also, allegedly, selected minor witnesses for interview.

39.     On or around October 29, 2017, Williams was reprimanded through email, by Ms. Alina Diaz, for marking a student late to the first class of the day with a "T" in the gradebook and had the "T" removed.

40.     On or around October 29, 2017, math teacher Mr. Jose Courel also marked a student late with a "T" in the gradebook. He was not reprimanded, records show his "T" remained in the gradebook weeks later.

41.     On or about November 2, 2017, Williams submitted a Civil Rights complaint to the District's Civil Rights office for discrimination and retaliation against Ms. Alina Diaz and Felicia Diaz.

42.     On or November 6, 2017, about 1 school day after Williams' November 2, 2017 complaint to District's Civil Rights Office, Ms. Yvonne Fernandez was placed in Williams' classroom all day every day to report his actions back to Ms. Alina Diaz.

43.     On or about November 15, 2017, Williams emailed Ms. Alina Diaz requesting permission to leave campus to attend his interview with the District's Civil Rights Office regarding the complaint that he submitted against her and Ms. Felicia Diaz.

44.     On or about November 17, 2017, 1 day after Williams asked permission to interview with the Districts Civil Rights Office, school administrators from ISPA sent a false complaint to the Department of Children and Families (DCF). The allegations were that Williams was abusing students at ISPA.

45.     DCF investigated and determined the allegations made by the administration at ISPA were unsubstituted.

46.     On or about November 17, 2017, in an email, Williams was told by Ms. Felicia Diaz that the cafeteria that he reserved with Ms. Alina Diaz was no longer available. The cafeteria was given to a white teacher named Ms. Patricia Keller.

47.     On or about November 21, 2017, Williams emailed Ms. Alina Diaz to request she discipline a student that called another student a nigger.

48.     On or about November 21, 2017, in an email sent 18 minutes after Williams sent his email about the student that called the other student a nigger, Ms. Alina Diaz requested to meet with him. In the meeting she informed Williams that she requested another personnel investigation against him.

49.     On or about November 21, 2017, Williams was informed by students that Ms. Alina Diaz and Ms. Felicia Diaz were calling them down to the office to start personnel investigations against him. The students were promised higher grades if they provided statements.

50.     The students that allegedly provided statements in the personnel investigations against Williams, in fact, received higher grades for the 3rd quarter of the 2017-2018 school year.

51.     The District does not have a database assessable to teachers that contains confidential information of other staff members or information about degrees/credentials.

52.     False information was used in the November 21, 2017 investigation against Williams to draw investigative conclusions.

53.     The only adults at ISPA that supplied information during the personnel investigation from November 21, 2017 were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

54.     On or about November 28, 2017, Williams emailed the School Board of Miami Dade County and the Central Region Office (CRO) Superintendent, John Pace, requesting relief from the retaliation.

55.     1 day after Williams emailed the Board and the CRO superintendent, On or about November 30, 2017, Williams was informed by Ms. Alina Diaz that she requested another personnel investigation against him.

56.     On or about December 4, 2017, Williams asked the United Teachers Dade Union ("UTD") rep for help with the discrimination and retaliation, that same day Alina Diaz was removed from directly investigating the false personnel investigations against him.

57.     1 day later in a December 5, 2017 email, Williams was reprimanded by Ms. Alina Diaz for more false allegations.

58.     On December 19, 2017, Williams was told by Alina Diaz that she was requesting another personnel investigation against him. He emailed the District's civil rights office the same day to complain about the unlawful retaliation.

59.     On or about December 5, 2017, Williams emailed all of his students and told them that tutoring was canceled. That email was forwarded to Ms. Alina Diaz on or about the same day.

60.     False information was used in the December 19, 2017 investigation, against Williams, to draw investigative conclusions.

61.     The only adults at ISPA that supplied information for the December 19, 2017 personnel investigation were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

62.     On or about January 8, 2018, Williams was told by Ms. Felicia Diaz that an investigator from DCF was there to interview him about the allegations made on November 16, 2017. Williams emailed the District's Civil Rights office the same day to complain about the retaliatory DCF investigation.

63.     1 day after his January 8, 2018 email to the District's Civil Rights Office on or about January 10, 2018, Williams was involuntarily transferred to the CRO for complaining about the unlawful retaliation.

64.     Every day that Williams was assigned to the CRO he was required to sit in an empty conference room for about 8 hours a day.

65.     On or about January 11, 2018, Williams was informed by the CRO Superintendent, John Pace, that Ms. Alina Diaz requested another personnel investigation against him.

66.     False information was used in the January 11, 2018 investigation, against Williams, to draw investigative conclusions.

67.     The only adults at ISPA that supplied information for the January 11, 2018 personnel investigation were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

68.     Beginning January 11, 2018, Williams sat in an empty conference room at the CRO until it became unbearable and he became ill. He was experiencing humiliation, anxiety, weight gain, and relationship strain due to the retaliation.

69.     Around about mid-March Williams continued to call in sick and never returned to the conference room at the CRO.

70.     On or about April 19, 2018, upon receiving the personnel investigative reports against him, Williams realized that Ms. Alina Diaz and Ms. Felicia Diaz had knowingly submitted false information for multiple investigations. Because they were the only adults at ISPA that supplied information for the personnel investigations, he faxed a new complaint to the District's Civil Rights Office.

71.     On or about April 30, 2018, perplexed that the District's Civil Rights Office did nothing to stop the discrimination and retaliation, Williams emailed the School Board of Miami Dade County and the CRO Superintendent, John Pace.

72.     On or about June 2018, upon recommendation from Alina Diaz, Williams was notified that his employment would be terminated for the 2018-2019 school year and that the Florida Department of Education would be notified of the personnel investigations.

73.     Williams was replaced by a Hispanic teacher for the 2018-2019 school year.

**COUNT ONE**
**Florida Statute § 760.10(1)(a)**
**Unlawful Discrimination Based on Race**

74.     The plaintiff re-alleges each and every allegation

75.     Defendant did not supply African – American teacher with requested classroom supplies.

76.     Defendant allowed non-African – American teachers use the facilities reserved by African American teachers.

77.     Defendant allowed students to make racially derogatory terms, offensive to African Americans, with impunity.

78.     Defendant's purported reason for reason for terminating Williams are pretext for unlawful race discrimination.

79.     As a result of Defendant's unlawful discrimination, Williams incurred damages including, but not limited to, lost income.

80.     As a result of Defendant's unlawful discrimination, Williams suffered emotional distress, including loss of enjoyment of life, and damage to his professional reputation.

## COUNT TWO
## Florida Statute § 760.10(7)
## Unlawful Retaliation

81.     The plaintiff repeats and re-alleges every allegation

82.     Williams engaged in multiple protected activities including assisting Victim Student with making the discrimination complaint to the CRO.

83.     Defendant allowed Alina Diaz and Felica Diaz, both of which Williams complained on to the District's Civil Rights Office, knowingly provide false information during personnel investigations against him.

84.     Defendant terminated Williams' employment based on information, proven to be false, during their own Civil Rights investigation.

85.     Defendant knowingly submitted false information to the Florida Department of Education, causing them to sanction Williams' teaching certificate.

86.     Defendant's purported reason for reason for terminating Williams are pretext for unlawful retaliation.

87.     As a result of Defendant's unlawful retaliation, Williams suffered emotional distress, including loss of enjoyment of life, and damage to his professional reputation.

## PRAYER FOR RELIEF

88.     The plaintiff prays that the Court grant the following relief:

11

(a) removal of all negative information in Williams' personnel file as a result of the discrimination and retaliation alleged in this complaint;

(b) award all appropriate monetary relief, including back pay where applicable, to Williams in an amount to be determined at trial to make him whole for any lost he suffered as a result of discrimination and retaliation as alleged in this complaint;

(c) award Williams any prejudgment interest on the amount of lost wages and benefits determined to be due;

(d) award compensatory damages to Williams to fully compensate him for the pain and suffering cases by the Miami Dade County School Board's discrimination and retaliation alleged in this complaint, pursuant to and within the statutory limitations of Section 760.11(5) of the Florida Civil Rights Act of 1992;

(e) order Defendant to reinstate Williams is an appropriate position and title with the District given Williams' experience;

(f) enjoin Defendant from further discrimination and retaliation against Williams

(g) order any relief necessary to make Williams whole

(h) award plaintiff's attorney's fees, as applicable

## JURY DEMAND

The plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Florida Rules of Civil Procedure and Section 760.11(5) of the Florida Civil Rights Act of 1992.

Robert Williams

1776 N.W. 77th Street
Miami, FL 33147
561-245-1409

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2020-004719-CA 30

ROBERT WILLIAMS,

      Plaintiff,

vs.

SCHOOL BOARD OF MIAMI DADE COUNTY, FLORIDA,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND
## NOTICE OF DESIGNATION OF EMAIL ADDRESSESS
## <u>IN COMPLIANCE WITH FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.516</u>

Notice is given that Cristina Rivera Correa, Esq. and Christopher J. La Piano, Esq., hereby appear as counsel for Defendant, The School Board of Miami-Dade County, Florida. In accordance with Florida Rules of Civil Procedure 1.080 and Florida Rules of Judicial Administration 2.516, the undersigned hereby designate the following primary and secondary electronic email addresses in the above-styled cause and respectfully request that copies of all orders, pleadings, notices, and other documents filed or served in this matter be served at the primary and secondary email addresses listed below:

      **Primary:**     **cristinarcorrea@dadeschools.net**
      **Secondary:**  **rosalindward@dadeschools.net**

      **Primary:**     **cjlapiano @dadeschools.net**
      **Secondary:**  **courtdocuments@dadeschools.net**

*Williams v. School Board*
Case No. 20-004719-CA 30

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida  33132
Telephone (305) 995-1304
Facsimile (305) 995-1412


By: /s/ Cristina Rivera Correa
     Cristina Rivera Correa, Esq.
     Assistant School Board Attorney
     Florida Bar No.  78391
     cristinarcorrea@dadeschools.net
     rosalindward@dadeschools.net

     Christopher J. La Piano, Esq.
     Assistant School Board Attorney
     Florida Bar No. 0059157
     cjlapiano@dadeschools.net
     courtdocuments@dadeschools.net


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with The Florida Court's E-Filing Portal on June 12, 2020, which will provide electronic service upon: Robert Williams, robwilliams1655@yahoo.com, 1776 NW 77th Street, Miami, FL 33147.

*/s/ Cristina Rivera Correa*
Cristina Rivera Correa, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.    20-04719 CA 30

ROBERT WILLIAMS,

      Plaintiff,

v.

SCHOOL BOARD OF MIAMI DADE COUNTY, FLORIDA,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, The School Board of Miami-Dade County, Florida ("Defendant" and "School Board"), by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.100 and 1.140, hereby files its Answer and Defenses to Plaintiff's Complaint (the "Complaint"). In support thereof, Defendant states the following:

1.    Defendant admits only that this purports to be an action brought pursuant to the FCRA and Defendant denies that any unlawful actions or omissions occurred entitling Plaintiff to any relief.

## "JURISDICTION AND VENUE"

2.    Admitted.

3.    Defendant admits only that venue is proper but expressly denies that any actions occurred that would entitle Plaintiff to relief.

## **"PARTIES"**

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Denied.

8.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

## **"FACTS"**

9.    Admitted.

10.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

11.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

12.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

13.    Admitted.

14.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

15.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

16.    Admitted.

17.    Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

18.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

19.     Denied.

20.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

21.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

22.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

23.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

24.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

25.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

26.     Denied.

27.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

28.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

29.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

30.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

31.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

32.     Admitted.

33.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

34.     Denied.

35.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

36.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

37.     Denied.

38.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

39.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

40.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

41.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

42.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

43.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

44.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

45.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

46.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

47.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

48.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

49.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

50.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

51.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

52.     Denied.

53.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

54.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

55.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

56.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

57.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

58.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

59.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

60.     Denied.

61.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

62.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

63.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

64.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

65.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

66.     Denied.

67.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

68.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

69.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

70.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

71.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

72.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

73.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

**"COUNT ONE**
**Florida Statute § 760.10(1)(a)**
**Unlawful Discrimination Based on Race"**

74.     Defendant re-alleges and reaffirms its responses to paragraphs 1 through 73 of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## "COUNT TWO
## Florida Statute § 760.10(7)
## Unlawful Retaliation"

81.     Defendant re-alleges and reaffirms its responses to paragraphs 1 through 80 of Plaintiff's Complaint with the same force and effect as if fully set forth herein.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

## "PRAYER FOR RELIEF"

88.     Defendant denies that Plaintiff is entitled to any relief as stated in the Prayer for Relief paragraph of the Plaintiff's Complaint, including subsections A, B, C, D, E, F, G, and H, therein.

## "JURY DEMAND"

Defendant admits that Plaintiff demands a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

In further responding to Plaintiff's Complaint, Defendant asserts the following defenses and affirmative defenses, which may be supplemented and/or amended as discovery unfolds.

1.      Plaintiff's Complaint fails to state a cause of action.

2.      Plaintiff's claims are banned because he did not file his Complaint within the 90 day period as set out by the Right to Sue Letter's issued by the EEOC.

3.      All actions taken with regard to Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's alleged exercise of statutorily protected activity.

4.      All actions taken with regard to Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's alleged race and/or alleged retaliation.

5.      All actions taken with regard to Plaintiff's employment were for good cause and taken in good faith.

6.      Based on information and belief, any recovery by Plaintiff must be reduced, in whole or in part, because she failed or refused to take reasonable efforts to mitigate his damages.

7.      Defendant, reserves the right to assert a mixed motive defense because, even if Plaintiff proves that an impermissible intent was a motivating factor in the challenged employment decision(s), the adverse employment decision(s) at issue would have been made anyway in the absence of any impermissible intent.

8.      Defendant states that as a political subdivision of the State of Florida, Defendant is entitled to sovereign immunity under Section 768.28, Florida Statutes. Consequently, Plaintiff's claims are limited to the provisions, statutory caps, and exclusions of Section 768.28, Florida Statues.

9.      Defendant states that the decision/activity of Defendant, a governmental entity, complained of by Plaintiff that allegedly led to Plaintiff's injury/damage was a

planning level decision/activity on the part of Defendant's officers and agency, and is immune from suit.

10.     Defendant states that neither the School Board nor any of its employees engaged in any conduct that proximately caused or contributed to Plaintiff's alleged injuries and damages.

11.     To the extent that Plaintiff has failed to timely file his cause of action, it is barred.

12.     To the extent that Plaintiff failed to exhaust any administrative remedies available to him, this Court lacks jurisdiction to hear those claims.

13.     If the School Board is liable to Plaintiff for any monetary relief, which the School Board denies, then such amounts must be reduced and set-off by Plaintiff's interim earnings and benefits and by amounts and benefits Plaintiff could have earned through the exercise of reasonable diligence.

WHEREFORE Defendant, the School Board of Miami-Dade County, Florida respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional general and affirmative defenses as discovery progresses. Defendant reserves the right to amend its Answer pursuant to Nash v. Wells Fargo Guard Services, Inc., So. 2d 1262, 1264-1265 (Fla.

1996), to contend any damages of which Plaintiff complains were caused and/or contributed to by additional non-parties.

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida  33132
Telephone (305) 995-1304
Facsimile (305) 995-1412


By: /s/ Cristina Rivera Correa
       Cristina Rivera Correa, Esq.
       Assistant School Board Attorney
       Florida Bar No.  78391
       cristinarcorrea@dadeschools.net
       rosalindward@dadeschools.net

       Christopher J. La Piano, Esq.
       Assistant School Board Attorney
       Florida Bar No. 0059157
       cjlapiano@dadeschools.net
       courtdocuments@dadeschools.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was filed via E-File and mailed this 22nd day of June 2020, to Robert Williams, 1776 NW 77th St., Miami, FL 33147.

By: */s/ Christopher J. La Piano*
       Christopher J. La Piano, Esq.

11

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA
GENERAL DIVISION**

ROBERT WILLIAMS,

Plaintiff,

v.                                                    **Civil Case Number: 20-04719 CA30**

SCHOOL BOARD OF MIAMI DADE
COUNTY, FLORIDA,

Defendant.

## PLAINTIFF, ROBERT WILLIAMS' MOTION FOR A CASE MANAGEMENT CONFERENCE

Plaintiff, Robert Williams, files this motion for a Case Management Conference supported by the following:

1.      The need to schedule discovery.

2.      The defendant conducted discovery regarding claims made in complaint in November 2017 during an internal investigation.

3.      The defendant conducted discovery regarding claims made in complaint in January 2018 during an EEOC investigation.

4.      The defendant conducted discovery regarding claims made in complaint in April 2018 during an internal investigation.

5.      Although the defendant provided defenses in those investigative reports, the answer submitted to this court was a template response that was not specific to this complaint.

6.      Pursue the possibility of settlement.

7.      This motion is being made in good faith and with the purpose of streamlining discovery.

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 10th day of July 2020, this document is being served on those on the

attached service list by electronic service via the Florida Court E-Filing Portal in compliance

with Fla. Admin Order No. 13-49.

Robert Williams
Plaintiff
1776 N.W. 77t Street
Miami, FL 33147
Phone: (561) 245-1409

SERVICE LIST

Cristina Rivera Correa, Esq.
Assistant School Board Attorney
cristinarcorrea@dadeschools.net
rosalindward@dadeschools.net

Christopher J. La Piano, Esq.
Assistant School Board Attorney
cjlapiano@dadeschools.net
courtdocuments@dadeschools.net

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2020-004719-CA 30

ROBERT WILLIAMS,

   Plaintiff,

vs.

SCHOOL BOARD OF MIAMI DADE COUNTY,
FLORIDA,

   Defendant.
_____/

## NOTICE OF APPEARANCE AND
## NOTICE OF DESIGNATION OF EMAIL ADDRESSES
## <u>IN COMPLIANCE WITH FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.516</u>

   Notice is given that Michele L. Jones, Esq., hereby appears as counsel for Defendant, The School Board of Miami-Dade County, Florida. In accordance with Florida Rules of Civil Procedure 1.080 and Florida Rules of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary electronic email addresses in the above-styled cause and respectfully requests that copies of all orders, pleadings, notices, and other documents filed or served in this matter be served at the primary and secondary email addresses listed below:

   **Primary:  mljones@dadeschools.net**
   **Secondary: rosalindward@dadeschools.net**

*Williams v. School Board*
Case No. 2020-004719-CA 30

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida 33132
Telephone (305) 995-1304
Facsimile (305) 995-1412


By: /s/ Michele L. Jones
    Michele L. Jones, Esq.
    Assistant School Board Attorney
    Florida Bar No. 86008
    mljones@dadeschools.net
    rosalindward@dadeschools.net

    Christopher J. La Piano, Esq.
    Assistant School Board Attorney
    Florida Bar No. 0059157
    cjlapiano@dadeschools.net
    courtdocuments@dadeschools.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with The Florida Court's E-Filing Portal on July 20, 2020, which will provide electronic service upon: Robert Williams, robwilliams1655@yahoo.com, 1776 NW 77th Street, Miami, FL 33147.

*/s/ Michele L. Jones*
Michele L. Jones, Esq.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA
GENERAL DIVISION**

ROBERT WILLIAMS,

Plaintiff,

v.                                    **Civil Case Number: 20-04719 CA30**

SCHOOL BOARD OF MIAMI DADE
COUNTY, FLORIDA,

Defendant.

## **NOTICE OF HEARING**

YOU ARE HEARBY NOTIFIED that a hearing has been set for Tuesday, August 4, 2020 at

8:30 AM, before the Honorable Reemberto Diaz, via Zoom. The motion, PLAINTIFF, ROBERT

WILLIAMS MOTION FOR A CASE MANAGEMENT CONFERENCE is to be heard.

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on this 10th day of July 2020, this document is being served on those on the

attached service list by electronic service via the Florida Court E-Filing Portal in compliance

with Fla. Admin Order No. 13-49.

Robert Williams
Plaintiff
1776 N.W. 77t Street
Miami, FL 33147
Phone: (561) 245-1409

SERVICE LIST

Michele L. Jones, Esq.
Assistant School Board Attorney
mljones@dadeschools.net
rosalindward@dadeschools.net

Christopher J. La Piano, Esq.
Assistant School Board Attorney
cjlapiano@dadeschools.net
courtdocuments@dadeschools.net

Case 1:20-cv-23238-DPG   Document 1-2   Entered on FLSD Docket 08/04/2020   Page 37 of 68

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY FLORIDA
### GENERAL DIVISION

ROBERT WILLIAMS,

Plaintiff,

v.                                                 **Civil Case Number:**

SCHOOL BOARD OF MIAMI DADE
COUNTY, FLORIDA,

Defendant.

## AMENDED COMPLAINT

Plaintiff alleges:

    1.     This action is brought due to violations to provisions of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The plaintiff alleges

that the Defendant, the School Board of Miami Dade County ("Defendant" or "Board"),

subjected Mr. Robert Williams to unlawful race Discrimination and retaliation in violation of

Title VII.

## JURISDICTION AND VENUE

    2.     This court has jurisdiction over this action under ss § 26.012 (2)(a).

    3.     Venue is proper in this circuit under ss § 47.011, because it is where the cause of

action accrued.

## PARTIES

4.     Defendant, the School Board of Miami Dade County, is the governing body for Miami Dade County Public Schools ("District"). Defendant is a cooperate, governmental body created pursuant to the laws of the State of Florida and located within this judicial district.

5.     Defendant is a "person" within the meaning of ss § 760.02(6), and an employer within the meaning ss § 760.02(7).

6.     On January 29, 2018, Williams filed a timely charge alleging discrimination based on race and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7.     On August 1, 2018, Williams filed another timely charge alleging retaliation with the EEOC. A right to sue letter was received for this charge and the charge filed on January 29, 2018 on February 25, 2020.

8.     All conditions precedent to the filing of a Title VII suit have been performed or occurred.

## FACTS

### Williams' Employment with the District

9.     Williams began working for the School District in October 2011. Between 2011 and 2013, Williams worked as a temporary instructor. In 2015, he began working as a full-time secondary science teacher.

10.     Williams has received positive annual performance reviews throughout his career with the District.

11.     Before August 30, 2017 and during his career as a full-time teacher, Williams was never absent or late.

12.     From October 2011 to August 30, 2017, Williams was never the subject of a personnel investigation or disciplined for any infractions.

13.     During the 2015 – 2017 school years, Williams was a teacher at International Studies Preparatory Academy ("ISPA"), a public school in the District.

14.     Williams was selected as "Teacher of the year" by teachers at ISPA for 2017.

### International Studies Preparatory Academy

15.     ISPA has had the same administrative staff, excluding Principal Ms. Alina Diaz, from the 2015 – 2017 school years.

16.     During the 2017 – 2018 school year, ISPA's principal and Assistant principal were Ms. Alina Diaz and Ms. Felica Diaz respectively.

17.     Several times during the 2017 – 2018 school year Ms. Alina Diaz and Ms. Felicia Diaz both assisted Williams' students with submitting assignments electronically to an online program called OneNote.

18.     During the 2016 – 2017 school year another African – American teacher at ISPA, Rashida Rose, left the school after alleging race discrimination. She was replaced by a non-African-American teacher.

19.      During the 2017 – 2018 school year Williams was the only full time African American teacher left at ISPA, with the rest being either Hispanic or Caucasian.

20.     During the 2017 – 2018 school year there were no more than 9 African American students enrolled at ISPA with the rest being either Hispanic or Caucasian.

21.     Ms. Alina Diaz, informed teachers at the beginning of the 2017-2018 school year, through email, that they were not to mark students that were late to the first class of the day with the letter "T".

22.     During the 2015 – 2018 school years, Yvonne Fernandez was assigned to work as a substitute teacher, when a full-time teacher was not in the room classroom. She was never assigned to work alongside Williams, in his classroom, before November 2, 2017.

23.      In a September 22, 2017 email, Ms. Alina Diaz informed teachers at ISPA that in order to use the facilities, including the cafeteria, teachers must reserve the space in writing and in advance.

24.      According to the District's Student Code of Conduct, students in violation of district policy should be referred to the school administration, when necessary.

25.     On or around August 15, 2017, Williams made numerous requests through email for classroom supplies and was denied. Similar requests for supplies made by the non-African American teachers were granted.

***Assists African American Student with Race Discrimination Complaint***

26.     On or about August 15, 2017, Williams was informed by the activities director, Yasmine Acevedo, that she was assigning an African-American Student ("Victim Child") to him, as a student assistant, because "no one else wanted him".

27.     After hearing those words about Victim Child, Williams was devastated because students and teachers alike were not free from discrimination at ISPA.

28.     On or about August 30, 2017, Victim Child expressed to Williams his frustrations about how he was being treated as a black student at the school.

29.     On August 30, 2017 at 10:53 am, Williams assisted Victim Child with making an 8 minute 26 second phone call to the Central Region Office("CRO"). The phone call was a complaint about treatment of blacks at ISPA starting with the conversation between Williams and Yasmin Acevedo on August 15, 2017.

30.     On or around August 2017, Ms. Alina Diaz, at the request of the CRO, contacted Victim Child and his parents to talk about the concerns made in Williams' August 30, 2017 complaint.

31.     Because the student was assigned to Williams as a student aid and the complaint was primarily about the comments made by Yasmine Acevedo to Williams on August 15, 2017, Ms. Alina Diaz was able deduced that Williams made the complaint.

***Unlawful Retaliation for Complaining About Unfair Treatment of Blacks at ISPA***

32.     The Miami Dade County Public Schools Personnel Investigative Manual("PIM") details how District employees should conduct personnel investigations.

33.     The PIM states that: "all minor incidents, including alleged ethics violations, should be handled at the worksite by the principal."

34.     Ms. Alina Diaz never spoke to Williams before sending allegations she made against him for investigation.

35.     On October 10, 2017 in an email, Williams complained to Ms. Alina Diaz about how she was allowing a parent to harass him with nonstop daily calls and emails.

36.     On October 10, 2017 a few hours after his complaint, in an email, Ms. Alina Diaz informed Williams that she requested a personnel investigation against him.

37.     False information was used in the October 10, 2017 investigation, against Williams, to draw investigative conclusions.

38.     Ms. Alina Diaz conducted the personnel investigation from October 10, 2017 by herself. She also, allegedly, selected minor witnesses for interview.

39.     On or around October 26, 2017, Williams was reprimanded through email, by Ms. Alina Diaz, for marking a student late to the first class of the day with a "T" in the gradebook and had the "T" removed.

40.     On or around October 25, 2017, math teacher Mr. Jose Courel also marked a student late with a "T" in the gradebook. He was not reprimanded, records show his "T" remained in the gradebook weeks later.

41.     On or about November 2, 2017, Williams submitted a Civil Rights complaint to the District's Civil Rights office for discrimination and retaliation against Ms. Alina Diaz and Felicia Diaz.

42.     On or November 6, 2017, about 1 school day after Williams' November 2, 2017 complaint to District's Civil Rights Office, Ms. Yvonne Fernandez was placed in Williams' classroom all day every day to report his actions back to Ms. Alina Diaz.

43.     On or about November 15, 2017, Williams emailed Ms. Alina Diaz requesting permission to leave campus to attend his interview with the District's Civil Rights Office regarding the complaint that he submitted against her and Ms. Felicia Diaz.

44.     On or about November 17, 2017, 1 day after permission was granted for Williams to interview with the Districts Civil Rights Office, school administrators from ISPA sent a false complaint to the Department of Children and Families (DCF). The allegations were that Williams was abusing students at ISPA.

45.     DCF investigated and determined the allegations made by the administration at ISPA were unsubstituted.

46.     On or about November 17, 2017, in an email, Williams was told by Ms. Felicia Diaz that the cafeteria that he reserved with Ms. Alina Diaz was no longer available.  The cafeteria was given to a white teacher named Ms. Patricia Keller.

47.     On or about November 28, 2017, Williams emailed Ms. Alina Diaz to request that she discipline a student that called another student a nigger.

48.     On or about November 28, 2017, in an email sent 18 minutes after Williams sent his email about the student that called the other student a nigger, Ms. Alina Diaz requested to meet with him. In the meeting she informed Williams that she requested another personnel investigation against him.

49.     On or about November 28, 2017, Williams was informed by students that Ms. Alina Diaz and Ms. Felicia Diaz were calling them down to the office to start personnel investigations against him. The students were promised higher grades if they provided statements.

50.     The students that allegedly provided statements in the personnel investigations against Williams, in fact, received higher grades for the 3rd quarter of the 2017-2018 school year.

51.     The District does not have a database assessable to teachers that contains confidential information of other staff members or information about degrees/credentials.

52.     False information was used in the November 21, 2017 investigation against Williams to draw investigative conclusions.

53.     The only adults at ISPA that supplied information during the personnel investigation from November 21, 2017 were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

54.     On or about November 28, 2017, Williams emailed the School Board of Miami Dade County and the Central Region Office (CRO) Superintendent, John Pace, requesting relief from the retaliation.

55.     1 day after Williams emailed the Board and the CRO superintendent, On or about November 30, 2017, Williams was informed by Ms. Alina Diaz that she requested another personnel investigation against him.

56.     On or about December 4, 2017, Williams asked the United Teachers Dade Union ("UTD") rep for help with the discrimination and retaliation, that same day Alina Diaz was removed from directly investigating the false personnel investigations against him.

57.     1 day later in a December 5, 2017 email, Williams was reprimanded by Ms. Alina Diaz for more false allegations.

58.     On December 19, 2017, Williams was told by Alina Diaz that she was requesting another personnel investigation against him. He emailed the District's civil rights office the same day to complain about the unlawful retaliation.

59.     On or about December 5, 2017, Williams emailed all of his students and told them that tutoring was canceled. That email was forwarded to Ms. Alina Diaz on or about the same day.

60.     False information was used in the December 19, 2017 investigation, against Williams, to draw investigative conclusions.

61.     The only adults at ISPA that supplied information for the December 19, 2017 personnel investigation were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

62.     On or about January 8, 2018, Williams was told by Ms. Felicia Diaz that an investigator from DCF was there to interview him about the allegations made on November 17, 2017. Williams emailed the District's Civil Rights office the same day to complain about the retaliatory DCF investigation.

63.     1 day after his January 8, 2018 email to the District's Civil Rights Office on or about January 10, 2018, Williams was involuntarily transferred to the CRO for complaining about the unlawful retaliation.

64.     Every day that Williams was assigned to the CRO he was required to sit in an empty conference room for about 8 hours a day.

65.     On or about January 11, 2018, Williams was informed by the CRO Superintendent, John Pace, that Ms. Alina Diaz requested another personnel investigation against him.

66.     False information was used in the January 11, 2018 investigation, against Williams, to draw investigative conclusions.

67.     The only adults at ISPA that supplied information for the January 11, 2018 personnel investigation were Alina Diaz and/or Felica Diaz. They also, allegedly, selected minor witnesses for interview.

68.     Beginning January 11, 2018, Williams sat in an empty conference room at the CRO until it became unbearable and he became ill. He was experiencing humiliation, anxiety, weight gain, and relationship strain due to the retaliation.

69.     Around about mid-March Williams continued to call in sick and never returned to the conference room at the CRO.

70.     On or about April 19, 2018, upon receiving the personnel investigative reports against him, Williams realized that Ms. Alina Diaz and Ms. Felicia Diaz had knowingly submitted false information for multiple investigations. Because they were the only adults at ISPA that supplied information for the personnel investigations, he faxed a new complaint to the District's Civil Rights Office.

71.     On or about April 30, 2018, perplexed that the District's Civil Rights Office did nothing to stop the discrimination and retaliation, Williams emailed the School Board of Miami Dade County and the CRO Superintendent, John Pace.

72.     On or about June 2018, upon recommendation from Alina Diaz, Williams was notified that his employment would be terminated for the 2018-2019 school year and that the Florida Department of Education would be notified of the personnel investigations.

73.     Williams was replaced by a Hispanic teacher for the 2018-2019 school year.

<u>**COUNT ONE**</u>
<u>**Title VII, 42 U.S. Code § 2000e–2(a)**</u>
<u>**Unlawful Discrimination Based on Race**</u>

74.     The plaintiff re-alleges each and every allegation

75.     Defendant did not supply African – American teacher with requested classroom supplies.

76.     Defendant allowed non-African – American teachers use the facilities reserved by African American teachers.

77.     Defendant allowed students to make racially derogatory terms, offensive to African Americans, with impunity.

78.     Defendant's purported reason for reason for terminating Williams are pretext for unlawful race discrimination.

79.     As a result of Defendant's unlawful discrimination, Williams incurred damages including, but not limited to, lost income.

80.     As a result of Defendant's unlawful discrimination, Williams suffered emotional distress, including loss of enjoyment of life, and damage to his professional reputation.

### COUNT TWO
### Title VII, 42 U.S. Code § 2000e-3(a)
### Unlawful Retaliation

81.     The plaintiff repeats and re-alleges every allegation

82.     Williams engaged in multiple protected activities including assisting Victim Student with making the discrimination complaint to the CRO.

83.     Defendant allowed Alina Diaz and Felica Diaz, both of which Williams complained on to the District's Civil Rights Office, knowingly provide false information during personnel investigations against him.

84.     Defendant terminated Williams' employment based on information, proven to be false, during their own Civil Rights investigation.

85.     Defendant knowingly submitted false information to the Florida Department of Education, causing them to sanction Williams' teaching certificate.

86.     Defendant's purported reason for reason for terminating Williams are pretext for unlawful retaliation.

87.     As a result of Defendant's unlawful retaliation, Williams suffered emotional distress, including loss of enjoyment of life, and damage to his professional reputation.

### PRAYER FOR RELIEF

88.     The plaintiff prays that the Court grant the following relief:

(a) removal of all negative information in Williams' personnel file as a result of the discrimination and retaliation alleged in this complaint;

(b) award all appropriate monetary relief, including back pay where applicable, to Williams in an amount to be determined at trial to make him whole for any lost he suffered as a result of discrimination and retaliation as alleged in this complaint;

(c) award Williams any prejudgment interest on the amount of lost wages and benefits determined to be due;

(d) award compensatory damages to Williams to fully compensate him for the pain and suffering cases by the Miami Dade County School Board's discrimination and retaliation alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S. Code § 1981a;

(e) order Defendant to reinstate Williams is an appropriate position and title with the District given Williams' experience;

(f) enjoin Defendant from further discrimination and retaliation against Williams

(g) order any relief necessary to make Williams whole

(h) award plaintiff's attorney's fees, as applicable

## **JURY DEMAND**

The plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Florida Rules of Civil Procedure and Section 760.11(5) of the Florida Civil Rights Act of 1992.

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that on this 24th day of July 2020, this document is being served on those on the

attached service list by electronic service via the Florida Court E-Filing Portal in compliance

with Fla. Admin Order No. 13-49.

Robert Williams
Plaintiff
1776 N.W. 77t Street
Miami, FL 33147
Phone: (561) 245-1409

13

SERVICE LIST

Michele L. Jones, Esq.
Assistant School Board Attorney
mljones@dadeschools.net
rosalindward@dadeschools.net

Christopher J. La Piano, Esq.
Assistant School Board Attorney
cjlapiano@dadeschools.net
courtdocuments@dadeschools.net

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.    20-04719 CA 30

ROBERT WILLIAMS,

        Plaintiff,

v.

SCHOOL BOARD OF MIAMI DADE COUNTY, FLORIDA,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, The School Board of Miami-Dade County, Florida ("Defendant" and "School Board"), by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.100 and 1.140, hereby files its Answer and Defenses to Plaintiff's Amended Complaint (the "Complaint"). In support thereof, Defendant states the following:

1.    Defendant admits only that this purports to be an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Defendant denies that any unlawful actions or omissions occurred entitling Plaintiff to any relief.

## "JURISDICTION AND VENUE"

2.    Admitted.

3.    Defendant admits only that venue is proper but expressly denies that any actions occurred that would entitle Plaintiff to relief.

## **"PARTIES"**

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied.

8.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

## **"FACTS"**
### **"Williams' Employment with the District"**

9.      Admitted.

10.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

11.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

12.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

13.      Admitted.

14.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

### **"International Studies Preparatory Academy"**

15.      Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

16.      Admitted.

17.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

18.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

19.     Denied.

20.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

21.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

22.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

23.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

24.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

25.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

### "Assists African American Student with Race Discrimination Complaint"

26.     Denied.

27.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

28.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

29.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

30.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

31.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

**"Unlawful Retaliation for Complaining About Unfair Treatment of Blacks at ISPA"**

32.     Admitted.

33.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

34.     Denied.

35.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

36.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

37.     Denied.

38.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

39.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

40.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

41.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

42.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

43.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

44.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

45.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

46.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

47.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

48.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

49.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

50.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

51.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

52.     Denied.

53.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

54.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

55.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

56.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

57.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

58.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

59.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

60.     Denied.

61.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

62.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

63.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

64.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

65.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

66.     Denied.

67.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

68.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

69.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

70.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

71.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

72.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

73.     Defendant is presently without knowledge to admit or deny the allegations contained in this paragraph, therefore they are denied.

### "COUNT ONE
### Title VII, 42 U.S. Code §2000e-2(a)
### Unlawful Discrimination Based on Race"

74.     Defendant re-alleges and reaffirms its responses to paragraphs 1 through 73 of Plaintiff's Amended Complaint with the same force and effect as if fully set forth herein.

75.     Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

### "COUNT TWO
### Title VII, 42 U.S. Code § 2000e-3(a)
### Unlawful Retaliation"

81.   Defendant re-alleges and reaffirms its responses to paragraphs 1 through

80 of Plaintiff's Amended Complaint with the same force and effect as if fully set forth

herein.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

### "PRAYER FOR RELIEF"

88.   Defendant denies that Plaintiff is entitled to any relief as stated in the Prayer

for Relief paragraph of the Plaintiff's Amended Complaint, including subsections A, B, C,

D, E, F, G, and H, therein.

### "JURY DEMAND"

Defendant admits that Plaintiff demands a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

In further responding to Plaintiff's Amended Complaint, Defendant asserts the following defenses and affirmative defenses, which may be supplemented and/or amended as discovery unfolds.

1.    Plaintiff's Amended Complaint fails to state a cause of action.

2.    Plaintiff's claims are banned because he did not file his Amended Complaint within the 90 day period as set out by the Right to Sue Letter's issued by the EEOC.

3.    All actions taken with regard to Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's alleged exercise of statutorily protected activity.

4.    All actions taken with regard to Plaintiff's employment were based on legitimate business reasons unrelated to Plaintiff's alleged race and/or alleged retaliation.

5.    All actions taken with regard to Plaintiff's employment were for good cause and taken in good faith.

6.    Based on information and belief, any recovery by Plaintiff must be reduced, in whole or in part, because he failed or refused to take reasonable efforts to mitigate his damages.

7.    Defendant, reserves the right to assert a mixed motive defense because, even if Plaintiff proves that an impermissible intent was a motivating factor in the challenged employment decision(s), the adverse employment decision(s) at issue would have been made anyway in the absence of any impermissible intent.

8.      Defendant states that as a political subdivision of the State of Florida, Defendant is entitled to sovereign immunity under Section 768.28, Florida Statutes. Consequently, Plaintiff's claims are limited to the provisions, statutory caps, and exclusions of Section 768.28, Florida Statues.

9.      Defendant states that the decision/activity of Defendant, a governmental entity, complained of by Plaintiff that allegedly led to Plaintiff's injury/damage was a planning level decision/activity on the part of Defendant's officers and agency, and is immune from suit.

10.     Defendant states that neither the School Board nor any of its employees engaged in any conduct that proximately caused or contributed to Plaintiff's alleged injuries and damages.

11.     To the extent that Plaintiff has failed to timely file his cause of action, it is barred.

12.     To the extent that Plaintiff failed to exhaust any administrative remedies available to him, this Court lacks jurisdiction to hear those claims.

13.     If the School Board is liable to Plaintiff for any monetary relief, which the School Board denies, then such amounts must be reduced and set-off by Plaintiff's interim earnings and benefits and by amounts and benefits Plaintiff could have earned through the exercise of reasonable diligence.

WHEREFORE Defendant, the School Board of Miami-Dade County, Florida respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees incurred in this action, and award any such other and further relief as this Court deems just and proper.

10

## **RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional general and affirmative defenses as discovery progresses. Defendant reserves the right to amend its Answer pursuant to <u>Nash v. Wells Fargo Guard Services, Inc.</u>, So. 2d 1262, 1264-1265 (Fla. 1996), to contend any damages of which Plaintiff complains were caused and/or contributed to by additional non-parties.

Respectfully submitted,

Walter J. Harvey, School Board Attorney
The School Board of Miami-Dade County, FL
1450 N.E. 2nd Avenue, Suite 430
Miami, Florida  33132
Telephone (305) 995-1304
Facsimile (305) 995-1412


By: <u>/s/ Christopher J. La Piano</u>
      Michele L. Jones, Esq.
      Assistant School Board Attorney
      Florida Bar No.  86008
      mljones@dadeschools.net
      rosalindward@dadeschools.net

      Christopher J. La Piano, Esq.
      Assistant School Board Attorney
      Florida Bar No. 0059157
      cjlapiano@dadeschools.net
      courtdocuments@dadeschools.net

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was filed via E-File and E-mailed this 3rd day of August 2020 , to Robert Williams, 1776 NW 77th St., Miami, FL 33147.

By: */s/ Christopher J. La Piano* _____
  Christopher J. La Piano, Esq.

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.:** 2020-004719-CA-01
**SECTION:** CA30

**ROBERT WILLIAMS**
**Plaintiff(s),**

**vs.**

**SCHOOL BOARD OF MIAMI DADE COUNTY FLORIDA**
**Defendant(s)**

                              /

**UNIFORM ORDER SETTING CAUSE FOR JURY TRIAL, MEDIATION, AND PRE-TRIAL INSTRUCTIONS**

THIS CAUSE is hereby set for jury trial before the undersigned Judge at the Dade County Courthouse, 73 West Flagler Street, Miami, Florida 33130, Room __1202__ for the __3__ week period commencing:

_____02-01-2021_____, or as soon thereafter as the same may be heard.

ALL ATTORNEYS, pursuant to Fla. R. Civ. P. 1.200., are directed to appear before the undersigned Judge at the Dade County Courthouse for:

**Calendar Call** on __01-27-2021 at 1:30 PM__.

**SUBJECT TO PUBLIC HEALTH REQUIREMENTS AND COURT SAFETY GUIDELINES DUE TO COVID-19. CHECK JUDICIAL WEBPAGE FOR TRIAL INSTRUCTIONS.**

All attorneys appearing at the Calendar Call shall be **thoroughly familiar** with the cause and be prepared to consider and determine such matters as are set forth in Fla. R. Civ. P. 1.200(b). Failure to appear as directed or to otherwise strictly comply with the terms of this Order may result in sanctions, including, but not limited to, the dismissal of the action, striking of pleadings, limiting of proof, striking a witness or such other actions as the Court may deem proper.

It is further Ordered and Adjudged as follows:

1.     The parties shall do all things necessary to **assure availability of their witnesses** for the **entire trial period** or to otherwise **preserve their testimony** for trial as provided by Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.300 and 1.460.  See Fla. R. Jud. Adm. 2.085.

2.     At least **ninety (90) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all**

witnesses who are expected to testify in this cause, including all "hybrid" witnesses who may be considered a fact witness and also give expert testimony.

3.     At least **sixty (60) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of the proper names and addresses of all expert witnesses** retained by the parties **who are expected to testify at the trial of this cause**.  The parties shall also list the **specialty** of each expert, what **element of the case** the expert will express opinions on (standard of care, causation, damages, etc.), and provide all parties a copy of the **experts' report(s)**, if applicable, and/or provide a short summary of the testimony expected from each expert pursuant to Fla. R. Civ. P.1.280(b)(5).  Each party is limited to **one expert per specialty**.

4.     **Upon receipt of opposing counsel's expert witness disclosure**, each party shall have **fifteen (15) days to list the proper names of additional rebuttal experts or impeachment witnesses**.  The parties shall follow the instructions in paragraph 3 with regards to the information accompanying the listing of additional experts retained by the parties.

5.     At the time of the Calendar Call, if necessary, counsel for each party will file any objections to the **authenticity** of any records or evidence produced during discovery that are expected to be introduced into evidence so as to put all parties on notice of the need for a records custodian witness.  Failure to timely file such objection will be deemed as a waiver of any objection to authenticity.  All other substantive objections are preserved.

6.     **All compulsory medical evaluations** pursuant to Fla. R. Civ. P. 1.360 shall be completed at least **forty-five (45) days prior** to the first day of the trial period set forth herein.

7.     At least **thirty (30) days prior** to the first day of the trial period set forth herein, counsel for each party shall file a **list of all exhibits** intended to be introduced as evidence at trial and make these exhibits available to opposing counsel for examination and inspection, including the **initialing** of the exhibits **no later than five (5) days prior** to the first day of the trial period.

8.     *Daubert* motions shall be <u>filed</u> thirty (30) days prior to the first day of the trial period.  Hearing on these motions shall be set NOT LATER THAN fifteen (15) days prior to the first day of the trial period.  At the time of the Calendar Call, each party shall make known to opposing counsel and the court all substantive motions, including all motions in limine, that still need to be ruled upon prior to trial.  Failure to do so may be deemed an abandonment of any pending motion(s).  **If any *Daubert* motion has been timely filed and not heard, it shall be <u>brought</u> to the attention of the Court at Calendar Call.**

9.     **Discovery** shall be **concluded at least fifteen (15) days prior** to the first day of the trial period set forth herein.  Any further discovery must be conducted by the written stipulation of all parties or leave of the Court.

10.    **Ten (10) days prior** to the first day of the trial period, the parties shall file their page-line **designation for depositions** that they intend to read or play at trial; the opposing party shall have **five (5) days thereafter to file objections** and/or counter-designations.

11.     **Mediation** shall have been completed ***prior to the Calendar Call*** to either resolve the case or narrow the issues. The parties shall immediately notify the Court in the event of settlement and submit a Stipulation and Order of Dismissal.  As well, the parties shall advise the Court of the cancellation of any pending hearings. **The parties are ordered to mediate this cause pursuant to attached exhibit which is incorporated in this order**.

12.     The parties are directed to exchange **proposed jury instructions** and verdict forms at the time of the Calendar Call.  **At least three (3) days before commencement of the trial period** the parties shall agree on as many jury instructions as possible and be prepared to submit the agreed instructions to the court as well as designate to the court the proposed instructions in dispute.

13.     **Should the parties believe that a different schedule is required for the efficient administration of this matter, they are encouraged to meet and develop a joint stipulated order and/or set a case management conference pursuant to Fla. R. Civ. P. 1.200.  If parties expect that the case will require a pretrial conference, they should request and schedule same sufficiently in advance of trial to permit same to be scheduled**.

14.     Failure to list a witness or exhibit pursuant to this order may result in the exclusion of that witness or exhibit from trial.

15.     Should this matter be continued or not reached during the trial docket set forth herein, each time limitation and provision contained herein shall apply to the **new trial** date.

16. All time periods herein refer to calendar days.

  **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **4th day of August, 2020** .

*Reemberto Diaz* / V E

2020-004719-CA-01 08-04-2020 11:40 AM

signed at Judge's direction

**Reemberto Diaz**
CIRCUIT COURT JUDGE

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355, Email: ADA@jud11.flcourts.org at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.**

Copies Furnished to:
cjlapiano@dadeschools.net
laynetperez@dadeschools.net
mljones@dadeschools.net
rosalindward@dadeschools.net
cristinarcorrea@dadeschools.net
rosalindward@dadeschools.net
robwilliams1655@yahoo.com

## EXHIBIT TO TRIAL ORDER:
## <u>REFERRAL TO MEDIATION</u>

Pursuant to Chapter 44 of the Florida Statutes and Rules 1.700 – 1.730, Florida Rules of Civil Procedure, the above-styled cause is hereby referred to mediation. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Mediator shall file a report in accordance with Rule 1.730, Florida Rules of Civil Procedure.

### Selection of Mediator

**(1)** Within fifteen (15) days of this Order of Referral, the parties may mutually agree upon the designation of any certified Mediator of their choice. If an agreement is reached, the plaintiff or petitioner shall, within the time period set forth above, file with the Clerk of the Court, and serve upon the parties, the agreed-upon Mediator, and the Court a  "<u>Notice of Stipulation of Mediator</u>" which shall identify the name, address, telephone number and email of the Mediator. Upon filing the "<u>Notice of Stipulation of Mediator</u>," said Mediator shall be deemed designated to mediate without further Order of Court.

**(2)** In the event the parties are unable to agree upon the selection of a mediator within the time frame set forth above, the plaintiff or petitioner shall, within twenty (20) days of this Order of Referral, prepare a "<u>Request for Appointment of Mediator</u>" certifying that notwithstanding a good faith effort to agree, the parties were unsuccessful in so doing and requesting the Mediation Division provide the next available mediator from the rotating list of Certified Mediators. Said "<u>Request for Appointment of Mediator</u>" shall be filed with the Clerk of the Court and a copy emailed to the Mediation Division, MediationDivision@jud11.flcourts.org.

### Payment of Mediator's Fees

**(3)** Fees for the mediation are to be divided and borne equally by the parties unless**:**
  a. otherwise agreed to by the parties, in writing,
  b. otherwise provided by court order; or

**(4)** The Mediator shall be compensated at the Mediator's established hourly rate (unless otherwise agreed by the Mediator and parties), with a 2-hour minimum. This minimum 2-hour fee shall be paid at least seven (7) days prior to the scheduled mediation, and the balance of the fee, if any, shall be paid at the conclusion of the mediation. However, any Mediator selected pursuant to paragraph (2) above, from the rotating list of Certified Mediators in the Mediation Division, shall be compensated at a rate of $125.00 per hour, unless otherwise agreed to by the Mediator and the parties. Counsel for the respective parties are responsible for financial arrangements with their clients and timely payment of mediation fees.

**Scheduling Mediation**

**(5)**     The parties and designated Mediator are ordered and directed to proceed with mediation in accordance with the Rules of Civil Procedure. Mediation shall take place within sixty (60) days of the date of this order.

**(6)**     Within fifteen (15) days of this Order of Referral, any party may file a motion with the court to defer the mediation. The movant shall set the Motion to Defer for hearing prior to the scheduled date for mediation. Notice of the hearing shall be provided to all interested parties, including any Mediator who has been appointed. The motion shall set forth, in detail, the facts and circumstances supporting the motion. Mediation shall be tolled until disposition of the motion.

**Required Attendance at Mediation**

**(7)**     Personal appearance of counsel, and each party or representative of each party with authority to enter into a full and complete compromise and settlement, _without further consultation_, is mandatory at mediation.  If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

**Change/Cancellation of Scheduled Mediation**

**(8)**     Written notice to the Mediator of any change or cancellation of the scheduled mediation must be given at least seventy two (72) hours prior to the scheduled mediation. Failure to provide such notice shall result in the imposition of the two (2) hour minimum fee paid by the canceling party to the Mediator, unless the Court orders otherwise for exceptional circumstances beyond the parties' control or the Mediator agrees to waive same.

**Dispensing with Mediation**

**(9)**     A party may move, within fifteen (15) days of the Order of Referral, to dispense with mediation, if:

        (a)     the issue to be considered has previously been mediated between the same parties pursuant to Florida law;

        (b)     the issue presents a question of law only;

        (c)     other good cause is shown.

**Sanctions for Non-Compliance**

**(10)**     If any of the parties fails to comply with the obligations set forth herein to ensure that mediation is accomplished expeditiously, the court may, on its own motion or on motion of any party, dismiss the case, strike pleadings, enter default, remove the case from the trial calendar, or impose any other sanctions that it may deem appropriate under the circumstances.